RECEIVED
IN ALEXANDRIA, LA
JUL 10 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GLORIA WILLIAMS HEARN | CIVIL ACTION NO. 07-1674 |
| -vs- | JUDGE DRELL |
| FEDERAL ELECTION COMMISSION | MAGISTRATE JUDGE KIRK |

# RULING

Before the Court is a motion to dismiss, or, in the alternative, motion for summary judgment (Doc. 7), filed by the defendant, the Federal Election Commission ("FEC"). For the reasons set forth below, it will be granted as a motion to dismiss.

The plaintiff, the individual Gloria Williams Hearn, filed this suit on her own behalf on October 5, 2007. She seeks judicial review of two final agency determinations by the FEC against the Gloria Hearn committee (FEC ID# C00429795) and Ann Belgard, as treasurer for the Gloria Hearn committee: AF# 1588, in the amount of $5,000 (Doc. 1-3, pp. 26-29); and AF#1662, in the amount of $3,500 (Doc. 1-3, 22-25). On December 31, 2007, the FEC filed the instant motion, asserting, inter alia, that the plaintiff, the individual Gloria Williams Hearn, lacks statutory standing to bring this suit. We agree.

Both of the final agency determinations at issue in this suit imposed a fine on the Gloria Hearn committee and its treasurer, Ann Belgard. Neither imposed a fine on the plaintiff herself, the individual Gloria Williams Hearn. Both of the final agency determinations were made in accordance with the federal statutes on disclosure of

federal campaign funds, 2 U.S.C. § 431 et seq. Both letters regarding the FEC final agency decision were dated September 20, 2007, and both were sent to Ms. Belgard. (Doc. 1-3, pp. 22-29). Both letters gave the following instructions regarding the right to appeal:

> **If You Choose to Appeal the Final Determination and/or Civil Money Penalty**
>
> If you choose to appeal the final determination, you should submit a written petition, within 30 days of receipt of this letter, to the district court of the United States for the district in which the committee or you reside, or transact business, requesting that the final determination be modified or set aside. See 2 U.S.C. § 437g(a)(4)(C)(iii). Your failure to raise an argument in a timely fashion during such administrative process shall be deemed a waiver of the respondents' right to present such argument in a petition to the district court under 2 U.S.C. § 437g. 11 C.F.R. § 111.38.

(Doc. 1-3, pp. 27, 29). Significantly, 2 U.S.C. § 437g(a)(4)(C)(iii), provides:

> (iii) Any person against whom an adverse determination is made under this subparagraph may obtain a review of such determination in the district court of the United States for the district in which the person resides, or transacts business, by filing in such court (prior to the expiration of the 30-day period which begins on the date the person receives notification of the determination) a written petition requesting that the determination be modified or set aside.

Id.

Because only the Gloria Hearn committee and its treasurer, Ann Belgard, were the persons "against whom an adverse determination [was] made," Id., they are the only proper parties to a suit requesting review of the FEC final agency determinations. Unfortunately, neither the Gloria Hearn committee nor Ms. Belgard is a party to this suit. The only enrolled plaintiff is the individual Gloria Williams Hearn, but she lacks statutory standing to bring this suit under 2 U.S.C. § 437g(a)(4)(C)(iii). See Miles for

Senate Comm. v. Fed. Election Comm'n, 2002 WL 47008, *2 (D. Minn. 2002) (dismissing the claims of a candidate and his committee's treasurer, both natural persons, for lack of standing under 2 U.S.C. § 437g(a)(4)(C)(iii), where the only parties to the FEC's administrative determination were the candidate's committee and the treasurer's company, a separate legal entity).

Because the plaintiff, Gloria Williams Hearn, lacks statutory standing to bring this suit, the FEC's motion to dismiss, or, in the alternative, motion for summary judgment (Doc. 7), is GRANTED as a motion to dismiss. By separate judgment, this suit shall be dismissed without prejudice.

SIGNED on this 10th day of July, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE